John M. ASQUITH; Ricky L. Knowles; Billy D. Randall; Wayne H. Williamson; J. Blake Lindsey; Jeff Attlessey; John Doe; Mary Roe, and others similarly situated, Plaintiffs–Appellees,

v.

CITY OF BEAUFORT; Colonel Jesse Altman, Jr., Chief of Police; Jefferson Dowling, Captain; Michael Lee, Sergeant; John Doe, and other unnamed police officers; David Taub, Mayor; Dr. Charles A. Bush; Edie Rogers; Donnie

Beer; Fred S. Washington, Jr., Members of the City Council; Dean Hunter, Beaufort City Manager, in their official capacities; William Rhett; Nancy Rhett; Roger Karr; Neil B. Lipsitz, in their individual capacities, Defendants–Appellants.

American Alliance for Rights
and Responsibilities,
Amicus Curiae.

George DAUGHETY; Richard Simpson; Calvary Baptist Church, Plaintiffs–Appellees,

v.

CITY OF BEAUFORT; David Taub, Mayor; Dr. Charles A. Bush; Colonel Jesse Altman, Jr., Chief of Police; Edie Rogers; Donnie Beer; Fred S. Washington, Jr., Members of the City Council; Dean Hunter, Beaufort City Manager, Defendants–Appellants.

American Alliance for Rights
and Responsibilities,
Amicus Curiae.

William Bradley LINDSEY, through his Guardian ad Litem Jeffery Blake Lindsey, Plaintiffs–Appellees,

v.

CITY OF BEAUFORT; William R. Neal, Chief of Police; Jefferson Dowling, Captain; Brad Payne, Officer; Unnamed Police Officers; David Taub, Mayor; Dr. Charles A. Bush; Edie Rodgers; Donnie Beer; Fred S. Washington, Jr., Members of the City Council; Dean Hunter, Beaufort City Manager, all in their official capacities, Defendants–Appellants.

American Alliance for Rights
and Responsibilites,
Amicus Curiae.

Nos. 95–2956 to 95–2958.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1996.

Decided March 19, 1998.

410

ARGUED: William Brantley Harvey, III, Harvey & Battey, P.A., Beaufort, SC, for Appellants. Robert Franklin Hoyt, Wilmer, Cutler & Pickering, Washington, DC, for Amicus Curiae. Gregory Scott Baylor, Center for Law And Religious Freedom, Annandale, VA, for Appellees. **ON BRIEF:** Andrew N. Vollmer, Wilmer, Cutler & Pickering, Washington, DC; Catherine Pulley Ballard, Buist, Moore, Smythe & McGee, P.A., Charleston, SC; Roger Conner, Robert Teir, American Alliance for Rights and Responsibilities, Washington, DC, for Amicus Curiae. Steven T. McFarland, Center for Law and Religious Freedom, Annandale, VA; Curtis E. Bostic, Charleston, SC; Orin G. Briggs, Irmo, SC; Lynn R. Buzzard, Buies Creek, NC, for Appellees.

Before RUSSELL,* WIDENER, and MICHAEL, Circuit Judges.

Reversed in part, vacated in part, and remanded with instructions by published opinion. Judge WIDENER wrote the opinion, in which Judge MICHAEL concurred.

**OPINION**

WIDENER, Circuit Judge:

We have before us appeals in three cases, Nos. 95–2956 (District Court No. 92–1531), 95–2957 (District Court No. 92–1656), and 95–2958 (District Court No. 93–1145), each of which involves street preaching in the City of Beaufort, South Carolina.

Street preaching is not only protected by the First Amendment, it has been so protected since St. Paul preached on Mars Hill. See Acts 17.

The district court granted a preliminary injunction to "the plaintiffs," obviously in-

cluding all of the plaintiffs in each of the three cases. We reverse in part, vacate in part, and remand for further proceedings.

I.

In appeal No. 95–2956, the plaintiffs are Asquith, Knowles, Randall and Williamson. The complaint was amended to add Attlessey and J. Blake Lindsey. The fictional plaintiffs, Doe and Roe and others, were added to that complaint but were subsequently dropped from it. (Transcript of telephone conference of September 3, 1992, p. 11 and 12.) Asquith, Knowles, Randall, Williamson and J. Blake Lindsey had criminal charges pending against them on account of violation of the noise ordinance, which is the issue here. (A.155–56; A.192–93; transcript of hearing of July 1, 1992, p. 7, 8.) This leaves Attlessey as the only plaintiff in appeal No. 95–2956 who had no such criminal charge pending against him and who had not been dropped from the case.

In appeal No. 95–2957, Calvary Baptist Church, George Daughety and Richard Simpson are the plaintiffs. Plaintiffs moved to drop Calvary Baptist Church as a plaintiff in June 1993, and Calvary Baptist Church was dropped as a plaintiff by order entered October 3, 1995, Doc. 44. Daughety and Simpson had no such criminal proceedings pending against them.

In appeal No. 95–2958, William Bradley Lindsey, a 14–year–old infant, sues by J. Blake Lindsey, his guardian ad litem. There were no such criminal charges pending against William Bradley Lindsey.

This leaves Attlessey in appeal No. 95–2956, Daughety and Simpson in No. 95–2957 and William Bradley Lindsey in No. 95–2958, as the only plaintiffs in the case without such pending criminal charges against them or who had not been dropped from the case.

*Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), holds that those plaintiffs with such pending criminal charges against them should have their cases dismissed on account of the pending criminal

---

* Judge Russell heard oral argument in this case but died prior to the time the decision was filed.

The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

charges. *Doran*, 422 U.S. at 934, 95 S.Ct. at 2569. . So the district court should enter judgment in favor of the defendants in the cases of Asquith, Knowles, Randall, Williamson and J. Blake Lindsey.

The district court should enter its order vacating its judgment in favor of Calvary Baptist Church because the church has previously been dropped as a party.

The district court should vacate its order granting relief to the fictitious plaintiffs Doe and Roe and those similarly situated because the complaint was withdrawn as to them, as shown by the transcript of the telephone conference of September 3, 1992.

## II.

The ordinance at issue here, Beaufort City Code 9–1008(a), in its operative part, provides that:

> It shall be unlawful for any person to willfully disturb any neighborhood or business in the City by making or continuing loud and unseemly noises. . . .

That ordinance had been contested prior to the decision of the district court in this case in *City of Beaufort v. Baker*, 315 S.C. 146, 432 S.E.2d 470 (1993), and was held to be valid. In *Baker*, the court held that speech may be punished if it is "so unreasonably loud as to unreasonably intrude on the privacy of a captive audience." *Baker*, 432 S.E.2d at 474. The court held that " 'unseemly' modifies 'loud' and means 'unreasonably loud in the circumstances.' " 432 S.E.2d at 474.

The Beaufort ordinance had been copied from a Maryland statute, § 121 of Art. 27 (1987 Repl.Vol.). The Maryland statute, involving similarly the anti-abortion preaching of a preacher, had been contested and upheld in the Court of Appeals of Maryland. *Eanes v. Maryland*, 318 Md. 436, 569 A.2d 604 (Md.), *cert. denied*, 496 U.S. 938, 110 S.Ct. 3218, 110 L.Ed.2d 665 (1990).

In *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), the Court held valid an ordinance of the City of Rockford, Illinois which provided that no person while on grounds adjacent to a school "shall willfully make or assist in the making of any noise or diversion which disturbs or tends to disturb the peace or good order of such school session or class thereof." *Grayned*, 408 U.S. at 107–08, 92 S.Ct. at 2298. The Court upheld that ordinance over the objection that it was vague and over broad. It held that the ordinance gave fair notice to those to whom it was directed and went "no farther than *Tinker*\*\* says a municipality may go to prevent interference with its schools." *Grayned*, 408 U.S. at 119, 92 S.Ct. at 2305.

In *Kovacs v. Cooper*, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949), the Court upheld an ordinance of the City of Trenton, New Jersey, which regulated loud speakers on or upon the public streets, alleys or thoroughfares of the city which emitted "loud and raucous noise." The Court upheld the ordinance as not vague, over the objection to the use of the words "loud and raucous." We especially note that the Court accepted the construction of the Supreme Court of New Jersey as to the application of the ordinance only on public streets, alleys or thoroughfares.

In *Jim Crockett Promotion, Inc. v. City of Charlotte*, 706 F.2d 486, 490 (4th Cir.1983), we followed *Kovacs* and *Grayned* and upheld an ordinance of the city against any "unreasonably loud, disturbing or unnecessary noise in the city." Charlotte Ordinance § 13.52; *Jim Crockett*, 706 F.2d at 488. We vacated a preliminary injunction of the district court against enforcing the ordinance which prohibited "unreasonably loud, disturbing . . . noise." *Jim Crockett*, 706 F.2d at 490.

*Doran* requires that to issue a preliminary injunction against the enforcement of a criminal law, a plaintiff must show that absent the issuance of the injunction "he will suffer irreparable injury and also that he is likely to prevail on the merits." *Doran*, 422 U.S. at 931, 95 S.Ct. at 2567–68. The principal attack of the plaintiffs in this case is on the facial validity of the ordinance. See A.57, A.63–64, A.65. In view of our decision in *Jim Crockett* and the decisions of the Supreme Court in *Grayned* and *Kovacs*, and especially

---

\*\* *Tinker v. Des Moines Indep. Sch. Dist.*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).

in view of the narrowing construction of the ordinance at issue by the Supreme Court of South Carolina in *Baker,* which was not considered by the district court, we think it cannot be said that the plaintiffs are likely to prevail on the merits of their contention that the ordinance is vague and overbroad and invalid on its face.

■ ▪So far as the opinion and judgment of the district court may be said to depend upon the application of the ordinance, it rests on its finding that the police have enforced the ordinance in response to the subjective complaints of persons in the vicinity. A.139. It obviously equates such enforcement to that which was prohibited in *Saia v. New York,* 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948), which held invalid an ordinance of Lockport, New York which prohibited the use of sound devices except with the permission of the chief of police. The difficulty the Court found with the ordinance in *Saia* was that it established a previous restraint on the right of free speech by delegating to the chief of police the control of the use of loud speakers without any prescribed standard for the exercise of his discretion. *Saia,* 334 U.S. at 559–60, 68 S.Ct. at 1149–50. The record in this case shows that when merchants thought that the ordinance had been violated by excessive noise, they would call a policeman, and if the policeman thought that the noise was sufficient to justify the issuance of a citation, he would ask the preacher to hold down the volume. If the preacher did not hold down the volume, the officer would issue a citation. Nothing in the record, however, shows that the judgment of the policeman who issued the citation was, in any way, final. The finding of guilty or not guilty was only made by a court. Thus, so far as the record now appears, the enforcement of the ordinance was by court action rather than police action, quite the opposite from *Saia.* The present record shows enforcement not different than that ordinarily obtaining whenever a citizen observes what he thinks is a violation of law. He calls the police, who obtain a citation if they think the law has been violated.

We are thus of opinion that the record does not presently show that the plaintiffs are likely to prevail on the merits so far as the validity of the ordinance may be considered in the context of its application to them. We assume the plaintiffs would suffer irreparable injury but express no opinion on that question.

Thus, the grant of injunctive relief must be vacated.

### III.

What we have said heretofore in this opinion does not mean that the case is terminated. The plaintiffs, Attlessey, Daughety, Simpson and William Bradley Lindsey, are yet entitled to prosecute their claim for declaratory relief. *Doran,* 422 U.S. at 930, 95 S.Ct. at 2567.

The validity of the ordinance, either facially or as applied, is not before us, and we express no opinion on that question.

Accordingly, the case is remanded to the district court for appropriate proceedings consistent with this opinion.

*REVERSED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.*